**SCHIFFMAN LAW OFFICE**, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Colemon,<br><br>                            Plaintiff,<br>vs.<br><br>Metropolitan Life Insurance Company;<br>Gannett Co., Inc. Welfare Benefits Plan,<br><br>                            Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Nancy Colemon ("Colemon") alleges as follows:

**JURISDICTION AND VENUE**

1. Colemon is a resident of Maricopa County, Arizona.

2. Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company incorporated in Delaware, with its principal place of business in New York, New York. MetLife is authorized to do business in Maricopa County, Arizona.

3. Defendant Gannett Co., Inc. Welfare Benefits Plan ("Plan") is a purported ERISA benefit plan established and maintained by Gannett Co. Inc. ("Gannett") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). Gannett is the Plan Administrator.

4. Gannett is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and MetLife have caused events to occur in Arizona out of which Colemon's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. MetLife pays for and administers the Plan's LTD benefits.

9. MetLife is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## GENERAL ALLEGATIONS

10. MetLife provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Colemon is entitled to benefits for the first two years when MetLife determines that due to a medically determinable sickness or accidental injury she is unable to perform the material and substantial duties of her own occupation and she must be under the regular care of a physician.

12. After the first two years of disability, Colemon is considered disabled if she is unable to perform the material and substantial duties of any job for which she is reasonably fitted considering education, training and experience and she must be under the regular care of a physician.

13. At all relevant times, Colemon was a Gannett employee, became a covered individual under the Plan, and remained continuously employed until her disability rendered her unable to work in her regular occupation as an Advertising Coordinator on July 23, 2004.

14. The material and substantial duties of any occupation for which Colemon is fitted based on education, training and experience that she is unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to sit for more than 30 minutes at a time;
- Ability to work due to back pain and symptoms of fibromyalgia including fatigue, aches, stiffness, and tenderness;
- Ability to attend work regularly due to extensive medical appointments.

15. Colemon was diagnosed with Failed Back Surgery Syndrome, cervical and lumbar degenerative disc disease, fibromyalgia, and migraines.

16. Colemon became disabled on July 23, 2004 and remains disabled from her own occupation and from any occupation for which she is reasonably fitted considering education, training and experience.

17. MetLife initially denied Colemon's claim on April 28, 2016.

18. Colemon is entitled to 60% of her Predisability Earnings from April 26, 2016 through the present.

19. Colemon's is entitled to a monthly LTD disability benefit in the amount of $735.91 from April 26, 2016 to the present, which reflects the gross benefit of $1,931.91 less the offset for her SSDI benefits in the amount of $1,196.00.

20. Colemon provided proof of her debilitating medical conditions. In addition, Colemon provided MetLife with completed attending physician statements and extensive medical records that support her disability.

21. Colemon submitted her appeal on December 9, 2016.

22. MetLife issued a final denial on April 11, 2017.

23. Colemon has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

24. Colemon incorporates and realleges all previous allegations.

25. The Plan contains some language purporting to grant Colemon discretion and to give Colemon the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Colemon is entitled to de novo review.

26. Colemon became disabled on July 23, 2004 and remains unable to perform the duties of any gainful occupation for which she is reasonably fitted considering education, training and experience.

27. Despite the coverage of Colemon's long-term disability, MetLife terminated LTD benefits after paying Colemon benefits for over 11 years. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

28. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Colemon is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.

29. Pursuant to 29 U.S.C. § 1132(g), Colemon is entitled to recover her attorneys' fees and costs incurred herein from Gannett and the Plan.

30. Colemon is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Colemon prays for entry of judgment against Defendants as follows:

A. For all past benefits due Colemon under the terms of the Plan;

B. For an award of Colemon's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 3rd day of January 2018.

                                SCHIFFMAN LAW OFFICE, P.C.

                            By: */s/ Lisa J. Counters*
                                Lisa J. Counters